JOHN GARRICK *et al.*

*v.*

ANGIE P. CHAMBERLAIN *et al.*

*Filed at Ottawa May 18, 1880—Rehearing denied March Term, 1881.*

1. ABATEMENT—*pendency of another suit.* The ordinary mode of taking advantage of the pendency of another suit for the same cause of action, is by plea in abatement, and it is essential to such plea that it should contain an averment that the former suit is still pending.

2. SAME—*writ of error—appeal to another court.* So where the record on a writ of error from the Appellate Court shows the taking and perfecting of an appeal to the Supreme Court, but fails to show that the appeal is still pending in that court, a motion to dismiss the writ of error because of such appeal, which does not contain an averment that the appeal is still pending, is properly overruled.

3. DISMISSAL OF APPEAL—*whether it will operate as an affirmance of the judgment below.* The dismissal of an appeal to this court is equivalent to a regular, technical affirmance of the judgment below, so as to entitle the party to claim a forfeiture of the appeal bond, and have his action therefor. But this is the extent of the rule. The dismissal will not operate as an affirmance so as to defeat the jurisdiction of an Appellate Court on writ of error in respect of the same judgment.

4. ACKNOWLEDGMENT—*of deed in another State.* Where the acknowledgment of a deed or power of attorney taken in another State is shown to have been in conformity to its laws by the statute of such State, it will be sufficient under our law.

5. CERTIFICATE OF EVIDENCE—*must be taken as appears of record.* This court can take no notice of statements made as to what a certificate of evidence as filed showed, when there is no evidence thereof preserved in the record, but the certificate must be taken as it appears in the record.

6. PRACTICE—*grounds of motions must be preserved in the record.* Where the record from the Appellate Court shows only the making and overruling of certain motions, without preserving in the record the grounds of the motions, this court can not say the rulings were erroneous.

7. SAME—*compelling production of documentary evidence.* The circuit court has, by statute, express authority, upon motion and sufficient cause shown, to require parties to produce books and writings in their possession which contain evidence pertinent to the issue to be tried, and when the affidavit on which a party was compelled to produce an abstract of title is not preserved in the record, it will be presumed the order was made upon good and sufficient cause shown.

8. CONVEYANCE—*by one who has parted with his title passes nothing.* Where a party has once conveyed all the interest he has in land, a subsequent quitclaim deed from him will pass no title.

9. TAX TITLE—*on sale by city collector on judgment rendered before the adoption of present constitution.* A sale of land or lots by a city collector, under a judgment against the same for taxes and special assessments rendered in March, 1870, before the present constitution was adopted and went into effect, is not void because not made by some general officer of the county authorized to receive taxes. The constitutional provision is not retrospective and has no application to judgments for taxes before it took effect, and before the necessary and appropriate legislation was had under such provision.

10. SAME—*notice of sale before deed.* Where a lot sold for taxes has not been assessed in the name of any person, and notice of its sale for taxes has been served upon the only person in possession of the same, it will be sufficient under the statute and constitutional provision, although such occupant is not the owner.

11. SAME—*sufficiency of notice in description.* There is no substantial defect in a notice served upon the occupant of a lot sold for taxes, which describes the premises as "lot 5, lot 23 in Carpenter's addition," etc., instead of "lot 5 in block 23," as the person served could not be misled by it, and would understand it was the lot 5 of which he was in the occupancy.

12. CONSTITUTION—*construction.* There is a difference between enforcing an inhibition of a constitution in a proceeding instituted after it took effect, in disregard of its plain terms, and a retroactive construction which would carry the provision back and apply it to a case fully determined and in judgment, with vested rights, before the adoption of that instrument. The latter construction would contravene section one of the schedule to the constitution.

13. The constitutional provision that no sale shall be made of any real estate for taxes, etc., except by the general county officer to be provided by law, having authority to receive State and county taxes, is to be construed together with section one of the schedule of the constitution, and such a construction should be given to the former as to allow the latter to stand in full force.

14. It is a rule of construction to give a statute a prospective operation only, unless its terms show a legislative intent that it should have a retroactive effect, and the same rule applies in construing a provision of a constitution.

15. BURNT RECORDS ACT—*petitioner bound by statements in petition.* On a petition under the Burnt Records act to establish and confirm the petitioner's title to real estate, in which a tax sale of the premises is sought to be set aside upon the sole ground that the sale for taxes was made by a city collector in 1871 under a judgment rendered before the adoption of the constitution of 1870, and after the affirmance of the judgment by this court, section twenty-three of the Burnt Records act, which declares that no tax deed based on any proceedings, the record of which shall be destroyed, shall be received as *prima facie* evidence of the regularity of such proceedings, but the burden of proof shall be upon the person claiming under such deed to show the regularity and legality of such proceeding, etc., is not applicable, and the party asserting the tax title is not required to meet any other objection than is made to it in the petition, or is made on the trial to its introduction in evidence.

16. SAME—*sec. 23 does not apply to party defending.* The provision of sec. 23 of the Burnt Records act, requiring a person claiming under a tax deed to make proof of the validity and regularity of all the proceedings anterior to his deed, and depriving him of all presumptions otherwise provided by law in favor of the legality of such proceedings, does not apply to one not seeking the aid of its provisions, who is in possession under his title and is made a defendant. The legislature can not deprive one of a vested right in this manner. If he should revert to the act for relief it might apply to him.

17. PRACTICE—*party confined to specific objections to evidence made on trial.* When a specific objection is made to the introduction of a document in evidence on the trial, it is a waiver of all other objections which might be obviated by proof. So when a tax deed is offered in evidence and the only objection made to it is the defect of authority in the officer to make the sale, it may be regarded as an admission that the title and proceedings are otherwise valid.

18. ESTOPPEL—*by judgment—binds party and privies in estate.* Where the owner of real estate makes himself a party to an application for judgment to sell his land for taxes, and contests the same unsuccessfully, and on his appeal to this court the judgment against the land, and ordering its sale, is affirmed, both he and his privies in estate will be stopped from denying the

validity of any antecedent step to the judgment and from denying the liability of the land to be sold for taxes.

19. Where the owner of a lot sold for taxes, just before the time of redemption expires files his bill against the purchaser and others, alleging various irregularities in the judgment and tax sale, and praying for an injunction against the county clerk from issuing and the other defendants from making or obtaining any deed thereon, and that the judgment and tax sale be cancelled, and the temporary injunction issued in the case is afterwards dissolved and the bill dismissed, this will operate as an estoppel upon such owner and all others claiming under him from disputing the validity of the judgment and tax sale.

20. FORMER ADJUDICATION—*dismissal of bill in chancery.* It is a well settled rule, that a decree or order dismissing a bill upon its merits, when there is no direction that the dismissal be without prejudice, is conclusive until reversed, and is a good plea in bar to a new bill for the same matter.

21. CHANCERY—*dismissal of bill presumed to be on merits.* When it appears by the stipulation of the parties that an injunction in the case was dissolved, and the bill dismissed without stating on what ground, or for what cause, it will be held to have been dismissed on the merits.

APPEAL from the Appellate Court for the First District;— heard in that court on error to the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Mr. ALLAN C. STORY, and Mr. LAWRENCE J. J. NISSEN, for the appellants:

We submit that the case is shown, by the record, to be still pending in this court, and our motion in the Appellate Court to dismiss Chamberlain's writ of error for this reason should have been sustained. When the fact appears from the record no plea is necessary. *Kingsbury* v. *Buckner,* 70 Ill. 514; *Ogden* v. *Larrabee,* id. 510; *Smith* v. *Wright,* 71 id. 167.

The certificate of evidence contains a direction to "*here insert* section — and sections — —" of the Ohio statute. This gave the clerk a discretion to insert the whole or any part of the statute, at his option, and in that respect is a nullity. *Lake Shore & Mich. Southern R. R. Co.* v. *McMillan,* 84 Ill. 211; *St. Louis, Alton & Terre Haute R. R. Co.* v. *Dorsey,* 68 id. 326; *Drew* v. *Beall,* 62 id. 164.

Sutherland claims also title to the premises under a sale for general taxes and special assessments for the year 1868, due the city of Chicago, under a judgment of the Superior Court, rendered at the March term, 1870, which was affirmed by this court on appeal, May 28, 1871. This sale is assailed on the ground it was made by the city collector. The judgment under which it was made was rendered five months prior to the adoption of the new constitution, and ordered the city collector to make the sale, he then being the only person authorized by law to make the same. The validity of that judgment having been sustained by this court, it can not now be questioned by a privy in estate. It is *res adjudicata*.

It would be an anomaly in jurisprudence to permit Chamberlain, a privy in estate of Fitch as to these premises, to now come in, in this collateral proceeding, and urge such an objection. 2 Taylor on Ev. 1457, secs. 1513 and 1514; *Henderson* v. *Henderson,* 3 Hare, 115; *Sminet Rajah* v. *Kantanea Natchiar,* 11 Moo. Ind. App. Ca. 50; *Rogers* v. *Higgins,* 57 Ill. 244; *Briscoe* v. *Lloyd,* 64 id. 36; *Hamilton* v. *Quimby et al.* 46 id. 90–94; *Aurora City* v. *West,* 7 Wall. 101; *Hopkins* v. *Lee,* 6 Wheat. 113; *Harris* v. *Harris,* 36 Barb. 94; *Parish* v. *Ferris,* 2 Black, 606; *Majorin* v. *Tyler,* 40 Mo. 406.

That such a judgment is binding alike upon parties and privies is a rule universally recognized. *Kelly et al.* v. *Donlin et al.* 70 Ill. 385; *Kingsbury et al.* v. *Buckner et al.* id. 516; *Rising* v. *Carr,* id. 596; *Sheldon et al.* v. *Patterson,* 55 id. 511; *Peterson* v. *Nehf,* 80 id. 26; *Reed* v. *West,* 70 id. 479; *Johnson* v. *Von Kettler,* 84 id. 315.

The decision in the subsequent suit, by injunction to cancel and set aside the sale, is also conclusive, the injunction operating as a release of all errors. R. S. 1874, ch. 69, sec. 5; *Town of Lyons* v. *Coolidge,* 89 Ill. 529.

The record does not show that any reasonable cause was shown to the court below, by the appellants, for the making of the order compelling Garrick to produce an ante-fire ab-

stract of title to the premises. R. S. 1874, ch. 51, sec. 9; id. ch. 116, sec. 29; *Russell* v. *Mandell*, 73 Ill. 137.

Messrs. GRANT & SWIFT, for the appellees:

The Appellate Court did not err in refusing to dismiss the writ of error in that court, because it was not shown that the prior appeal to this court was still pending. The pendency of another suit for the same cause of action must be brought to the attention of the court by a plea in abatement.

The Appellate Court did not err in holding that the tax deed from Herman Lieb to John Forsythe, dated September 11, 1876, was improperly received in evidence by the circuit court. See sec. 8 of the Burnt Records Act, R. S. p. 804.

The appellants failed to meet the requirements of this statute in several important particulars:

1. No assessment whatever was shown or attempted to be shown.

2. The only levy that is shown is one by way of presumption, arising from the fact that judgment was rendered.

3. No precept or execution under which the sale could be made was shown.

The tax sale was void, because made by the city collector after the new constitution took effect, which required all such sales to be made by some general county officer having authority to receive State and county taxes. Art. 9, sec. 4. In support of this point the following authorities are cited: *People, etc.,* v. *Maynard,* 14 Ill. 414; Sedg. Const. Law, 107; *Hills* v. *City of Chicago,* 60 Ill. 86; *Otis* v. *City of Chicago,* 62 id. 299; *Webster* v. *City of Chicago,* id. 302.

Under our law there are three things that must be made to appear affirmatively by a party relying upon a tax deed, before it is admissible in evidence: He must produce a valid judgment against the land for the taxes; a valid precept under which the sale was made, and also make due proof of the notice required by the constitution. *Williams* v. *Underhill,* 58 Ill. 138; *Cummings* v. *Springer,* 88 id. 90.

The appellants, in order to have a right to introduce the alleged tax deed in evidence, were bound to prove that notice, such as the constitution requires, had been served on Fitch, the owner of the property. *Wilson* v. *McKenne,* 52 Ill. 46; *Holbrook* v. *Fellows,* 38 id. 442; *Williams* v. *Underhill,* 58 id. 138.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was the case of a petition of the appellee Angie P. Chamberlain, filed under the Burnt Records act, so called, (Rev. Stat. 1874, p. 838,) in the circuit court of Cook county, on the 26th day of December, 1876, to establish and confirm the alleged title of petitioner as the owner in fee of the west half of lot 5, in block 23, in Carpenter's addition to Chicago.

The appellants, Garrick and Sutherland, were made defendants, who filed their respective answers under oath, neither admitting nor denying the state of the title of the petitioner, avowing ignorance of the same, and admitting that Garrick was in possession of the premises as tenant of Sutherland, as alleged in the petition, Sutherland being the legal owner in fee of the premises.

The decree of the circuit court found, that, although the allegations of the petition as to the state of petitioner's own title, were sustained by the proofs, there was a superior title to the premises vested in Sutherland, who was the owner of the same under a valid sale for non-payment of taxes levied by the city of Chicago, for the year 1868. On removal of the record to the Appellate Court for the First District, the decree was reversed, and the cause remanded with directions to enter a decree in favor of the petitioner, confirming title in her to the premises, as prayed for by the petition. Whereupon Garrick and Sutherland appealed to this court.

In the Appellate Court, Garrick and Sutherland made a motion to dismiss the writ of error there, because it appeared

upon the face of the record that an appeal had been prayed and allowed, from the circuit court to the Supreme Court, and the appeal perfected. Plaintiff in error filed a reply to this motion, setting forth, among other things, that the appeal taken to the Supreme Court was dismissed in that court at its September term, 1878, and asking, if the motion was entertained, that time should be allowed to procure a certified copy of the order of dismissal in the Supreme Court. The Appellate Court overruled the motion, and this is assigned for error.

The ordinary mode of taking advantage of the pendency of another suit for the same cause of action, is by plea in abatement. It is answered, that where the fact appears from the record no plea is necessary.

But the record before the Appellate Court did not show that the appeal taken to the Supreme Court was yet pending; it only showed the taking and perfecting of the appeal. It is essential, in a plea in abatement of this character, that it should contain the averment that the former suit is still depending. There was not this averment in the motion, nor did such fact appear by the record of the Appellate Court.

There is no force in the suggestion, that if the appeal was dismissed, under the rulings of this court cited, the dismissal of an appeal is equivalent to an affirmance of the judgment in the court below. It is so, for the purpose of a remedy on the appeal bond, and this is the extent of the decisions. As, in *McConnel* v. *Swales*, 2 Scam. 576, where the condition of the appeal bond was, " to pay the debt and costs in case the judgment shall be affirmed on the trial of the appeal," it was held " that the dismissal of an appeal is equivalent to a regular, technical affirmance of the judgment, so as to entitle the party to claim a forfeiture of the bond, and have his action therefor."

We find no error in overruling the motion.

Both parties claim title in fee to the premises in question, deducing the same from a common source, to-wit: through

conveyances from David Gibson—it being admitted that he was the owner in fee on May 26, 1854.

On the part of the defendants, there was shown in evidence a quitclaim deed dated October 4th, 1876, properly executed, acknowledged, and recorded, from David Gibson and wife to Sutherland, conveying the premises in question to the latter. .

Petitioner's claim of title is under a warranty deed from David Gibson and wife, dated February 23, 1858, conveying the premises to one Robert Bolton, and from the latter through mesne conveyances.

The only defect claimed in this chain of title of petitioner is in the acknowledgment of a power of attorney, dated June 12, 1854, from Gibson and wife, to one Zenas Cobb, Jr., to sell and convey the premises,—the deed from Gibson and wife to Bolton purporting to have been executed and acknowledged by Cobb, as the attorney in fact of Gibson and wife.

The alleged defect in the acknowledgment is, that the certificate of acknowledgment does not state that the parties acknowledging the instrument were personally known to the officer taking the acknowledgment. The acknowledgment purports to have been taken in the State of Ohio, and the statute of that State was introduced in evidence, showing that the acknowledgment was in conformity with the law of that State, which, under our law, is sufficient.

But it is said the certificate of evidence in the case, as filed, did not contain the extract from the Ohio statute which now appears, but contained only a written direction to "here insert section (blank)," not in any way identifying the section, and therefore the clerk was not justified in inserting the section which now appears.

It appears that defendants moved, in the Appellate Court, to strike out certain portions of the transcript of record on file, and also suggested to the court a diminution of the record, and moved for a writ of *certiorari,* which motions the court overruled, and this is complained of

as error.   If there were any grounds shown for the motions, none are preserved in the record; all that appears is the bare making of the motions as above, and the overruling of the same.   Of course, then, we can not say the court erred in this.   We can take no notice of the statement made as to what the certificate of evidence, as filed, showed, as there is no evidence thereof preserved in the record.   The certificate of evidence, as it appears in the record, does not show anything of the kind, and we can only view it as it thus appears.

There is no force in the objection, that the circuit court compelled Garrick to produce as evidence an abstract in his possession, without sufficient cause shown.   The statute expressly gives power to courts, upon motion and good and sufficient cause shown, to require parties to produce books and writings in their possession which contain evidence pertinent to the issue.

The record shows the court made the order to produce the abstract, upon motion and affidavit filed.   The affidavit is not preserved in the record, and it must be presumed the court made the order upon good and sufficient cause shown, nothing whatever appearing to the contrary.

We think the abstract was properly received in evidence.

It is objected that only parts of the abstract were shown in evidence, and not the whole abstract.   It was enough that so much of the abstract was read in evidence as showed the chain of title relied on.

The quitclaim deed, then, from Gibson and wife to Sutherland, dated October 4, 1876, did not convey any title to the latter, because Gibson and wife, by their warranty deed of February 23, 1858, had conveyed all their interest in the premises, and had no title left vested in them which would pass under the quitclaim deed to Sutherland.

Sutherland further claims title to the premises, as the petition alleges, under a tax deed thereof from Herman Lieb, county clerk of Cook county, to John Forsythe, under a tax

sale to Forsythe for general taxes and special assessments for the year 1868, due the city of Chicago, under a judgment of the Superior Court, rendered at March term, 1870.

This tax deed is assailed as being void, because the tax sale was made after the adoption of the constitution of 1870, and was made by the city collector of Chicago, instead of being made by the general officer of the county having authority to receive State and county taxes, as required by that constitution. The provision of the constitution in this regard is as follows: " The General Assembly shall provide, in all cases where it may be necessary to sell real estate for the non-payment of taxes or special assessments for State, county, municipal, or other purposes, that a return of such unpaid taxes or assessments shall be made to some general officer of the county having authority to receive State and county taxes; and there shall be no sale of said property for any of said taxes or assessments, but by said officer, upon the order or judgment of some court of record." § 4, art. 9.

In *Hills* v. *City of Chicago*, 60 Ill. 86, and in *Webster* v. *City of Chicago*, 62 id. 302, this court held that the prohibition contained in the last clause of the above constitutional provision was self-executing, and that its effect was to annul all laws conferring power upon officers other than the county officer there described, to sell real estate for the non-payment of any taxes or special assessments. But these were cases of application by the city collector of the city of Chicago to the Superior Court of Cook county for judgment against real estate for unpaid taxes, made after the adoption of the constitution of 1870, to-wit, at the March term, 1871, of that court, and the decisions are to be taken with reference to the particular cases in which they were made. They were cases, each of which was commenced, and all the proceedings had, after the constitution of 1870 went into effect. The judgment for the taxes in the case now being considered, the taxes for 1868, was rendered on the application of the city collector of Chicago, on March 9, 1870, by the Superior Court of the

city of Chicago, which time was prior to the adoption of the constitution of 1870, which went into force August 8, 1870. From the judgment divers of the owners of the lands, etc., including Fitch, the then owner of the premises in controversy herein, perfected an appeal to this court, and at the September term, 1870, thereof, the appeal was heard and the opinion of the court is reported in 55 Ill. 357, *Dunham et al. v. City of Chicago.* The judgment of the court below was affirmed.

The tax sale under the judgment was made on August 14, 1871.

These taxes, then, were merged in this judgment of the Superior Court of March, 1870, execution of which judgment was merely suspended by the appeal to this court. When decided, this court affirmed that judgment, and removed the suspension of its execution.

There is a difference between enforcing this inhibition of the constitution in a proceeding instituted after the constitution took effect, in disregard of its plain command, and a retroactive construction which would carry the provision back and apply it to a case fully determined and in judgment, with rights vested, before the adoption of that instrument.

Section 1 of the schedule to the constitution provides: "That all laws in force at the adoption of this constitution, not inconsistent therewith, and all rights, actions, prosecutions, claims, and contracts of this State, individuals or bodies corporate, shall continue to be as valid as if this constitution had not been adopted." The before cited provision of the constitution and this section of the schedule are to be considered and construed together,—and such a construction should be given to the former as will allow the latter to stand in full force. To apply this prohibitory provision in question to the case of this judgment for taxes, which had been obtained before the adoption of the constitution, would, as we conceive, be in direct violation of this section of the schedule.

In the judgment for the taxes, rendered by the Superior Court on March 9, 1870, there was an order that the real estate be sold *as the law directs.*

There was the same order in the cases of *Hills* v. *City of Chicago* and *Webster* v. *Same,* and in those cases the authority of the same officer—that is, the city collector of Chicago—whose act is involved in this present case, was in question. The force of this order was passed upon in *Hills* v. *City of Chicago,* and it was there held that it was obvious, from the form of the order prescribed in the charter of the city of Chicago, and other provisions of the charter there referred to, that in legal effect the order was one for such sale to be made by the city collector, and nobody else. That for all the purposes of the question being considered, the order was to be regarded in precisely the same light as if it directed, in so many words, that the several lots, etc., be sold by the collector of the city of Chicago as the law directs. And the judgment there was reversed because of such order of sale " as the law directs;" that the court had no power to make it, it being construed as an order that the city collector should make the sale.

And it was said, in *Webster* v. *City of Chicago,* that legislation was necessary to carry into effect this provision of section 4, of article 9, of the constitution, in respect to municipal taxes or assessments. Here, then, in the present case, was a judgment, ordering, as this court has construed the order, that a particular officer, namely, the city collector of Chicago, should sell these lots for the taxes. No other officer then could make the sale without a legislative provision to that effect.

The new constitution of 1870 took effect August 8, 1870. It provided for the election of members of the General Assembly in November, 1870, and for the first meeting of that body on Wednesday next after the first Monday of January, 1871. Five months, therefore, was the shortest time within which any act could be passed on any subject. To

give, then, this constitutional prohibition against a city collector making a sale for taxes a retroactive effect, and apply it to the case of this judgment for taxes rendered prior to the adoption of the constitution, would operate as a stay of execution upon the judgment until the passage of a legislative enabling act for the collection of the judgment, and for at least a period of five months certain.    This would clearly conflict with the provision that all rights, actions, prosecutions and claims should continue to be as valid as if that constitution had not been adopted.    Besides, it would, in our view, be such a material obstruction of rights which had accrued under a judgment, as would render it obnoxious to the objection of impairing the obligation of a contract of record, as is a judgment.

Further, it is a rule of construction to give a statute a prospective operation only, unless its terms show a legislative intent that it should have a retroactive effect.    *Knight* v. *Begole*, 56 Ill. 122; *In re Tuller*, 79 Ill. 99.    And the same with a constitution.

As respects judgments for taxes, the terms of this provision of section 4, article 9, indicate that it is to be prospective in effect—to have application to judgments which should thereafter be rendered, and not to such as before then had been rendered    It is, that the General Assembly shall provide " that a *return* of said unpaid taxes or assessments shall be made to some general officer of the county having authority to receive State and county taxes; and there shall be no sale of said property for any of said taxes or assessments but by *said* officer, upon the order or judgment of some court of record "—clearly contemplating the case before judgment, where a *return* was *to be made* to some general officer of the county, and that there should be no sale but by *said* officer, that is, the county officer to whom, thereafter, such return should have been made.    The language has no proper application to the case where there had been a judgment for taxes

already obtained, the taxes merged in the judgment, and an order of sale by a particular officer, had been made.

We do not sustain the objection that the tax sale was not made by the right officer.  .

A further objection taken to the validity of this tax title is, that there was not the requisite proof to sustain it under section 23 of the act under which this petition was filed. That section is as follows :

" No tax deed or certificate of tax sale, based on any proceedings, the record of which shall appear to have been destroyed, as aforesaid, shall be received in any of the courts of this State as *prima facie* evidence of the regularity of such proceedings, but the burden of proof shall be upon the person claiming under such deed or certificate to show the regularity and legality of all such proceedings; in order to sustain the validity of any tax deed or sale for any tax or taxes, assessment or assessments, in any county to which the provisions of this act are applicable, in any suit or proceeding whatsoever, it shall be necessary for the party relying upon any such deed or sale to show, affirmatively, that each and all of the provisions of law, in respect to assessment, levy, sale and deed of the lands affected or to be affected by any such deed or sale as aforesaid, have been in all respects complied with, and no presumption shall be indulged in favor of any such tax deed or sale ; and it shall not be sufficient to show a collector's report, notice, judgment, order of sale, sale notice, notice of sale, tax affidavit, and deed, any thing in this law or in any other law of this State  to the contrary notwithstanding."

It is objected that there was no proof as to the assessment or levy of the tax, or as to the process for sale.

The nature of this proceeding is to be borne in mind, that it is one instituted by the petitioner to set aside this tax sale. She summoned Sutherland and Garrick into court and impleaded them there upon the charge made in the petition that they claimed an interest in the premises under this tax deed,

and "that the tax deed was wholly inoperative and null and void because it was issued upon the tax sale made on August 14, 1871, for non-payment of city taxes for the year 1868, by J. W. Onahan, the then collector of the city of Chicago, and in direct violation of section 3, of article 9, of the constitution of this State, in force at the time of making said sale; that Onahan, at the date of said tax sale, was not a general officer of Cook county, having authority to receive State and county taxes, and had no authority to make said sale under and by virtue of which the deed to Forsythe was executed." This is the only ground of attack upon the tax title set forth in the petition. It was upon this, issue was joined, and no other ground of objection to the tax title, so far as appears, was made in the circuit court. It was the only objection made to the introduction of the tax deed in evidence. It appears that the defendants offered the tax deed in evidence, and that the petitioner objected to its introduction for the specific reason that on August 14, 1871, the city collector had no authority to make the tax sale. No other objection appears to have been made to its introduction. This court has frequently held that the making of a specific objection to the introduction of a document in evidence, is a waiver of all other objections to it which might have been obviated by proof. It is quite evident that the objection of the want of a precept, had it been made, might have been obviated by proof; and we can not say that the other objections now taken, might not also have been. The petition assailing the tax title upon the specific ground, and no other, of the want of authority in the city collector to make the tax sale, and there not being in the whole proceeding in the circuit court the suggestion of any other defect in the tax title, should be held, we think, as an implied admission that the title was otherwise valid. So, we think, the defendants would naturally take it, and not feel called upon to bring evidence to sustain their title in other respects. To make objection for the first time in an appellate court, that there

is a lack of evidence to support the title in other respects than the one alleged in the pleadings, and as to which the sole contest was, and only claim of defect in the court below, would be out of the accustomed course of judicial proceeding, and would operate as a snare to entrap.

Here, Fitch, the remote grantor of the petitioner, the then owner of record, made himself a party in the proceeding of the application for judgment to sell this lot, among others, for delinquent taxes, and unsuccessfully contested the assessment and tax; he appealed from the judgment against the lot, and the judgment was affirmed against him in this court.

· We do not see why he is not estopped from denying any step antecedent to this judgment. There was a litigation in respect to the liability of the lot to be sold for taxes, and a judicial determination in favor of the liability.

We think, that like any other judgment, it should be binding upon the contestant of the right to sell, and his privy in estate, the present petitioner. *Graceland Cem. Co.* v. *The People,* 92 Ill. 619. The defendants are not here asking or relying upon any presumptions in favor of their tax deed, but rely upon the estoppel which attaches to all judgments of courts of general jurisdiction by which the parties and their privies are concluded from again bringing in question any matter which has once been litigated and determined.

Again, before the passage of this act, the holder of a tax deed, by statute, was not required to prove the matters precedent to the tax sale, which is now insisted should have been proved in this case; but in order to defeat the title conveyed by the tax deed, the adverse claimant was required himself to make proof of those matters. The certificate of purchase, which Forsythe held, entitled him to a tax deed with all the valuable incidents which the statute then annexed to a tax deed. And we conceive that this section 23, of the Burnt Records act, could not apply, in such case as this, to antecedent tax deeds, or rights to such deeds, as it would be taking away a very valuable incident which

belonged to such tax deeds in which there was a vested right. In a different case, that of one resorting to the act for relief under it, this section might, perhaps, apply to antecedent tax deeds, as being the condition upon which alone he should be entitled to avail himself of the beneficial provisions of that act. But these defendants are in the possession of the premises, and are content—they are not resorting to this act for any relief.

This section 23 of the Burnt Records act has, in our judgment, no application in this case. The judgment here was rendered, and the sale under it had, before the passage of the act. The act should not be given a retroactive effect and have operation upon a previously rendered judgment and sale, and thus materially impair the effect thereof.

An objection is made to the sufficiency of one step in the proceeding which was taken subsequent to the judgment, besides want of evidence of a precept which has been considered, and that is, the notice of the sale of the property for the taxes,—that the notice was given only to the person in the actual possession of the lot, and not also to the owner of the lot, Fitch. And section 5, of article 9, of the constitution is relied on : that the General Assembly shall provide by law for reasonable notice to be given to owners or parties interested, of the fact of the sale of property for taxes, provided that occupants shall, in all cases, be served with personal notice. The law which the General Assembly has passed in pursuance of this provision, (Rev. Stat. 1874, p. 893, § 216,) is, that notice shall be served on every person in actual possession or occupancy of the property, and also the person in whose name the same was taxed, or specially assessed, if, upon diligent inquiry, he can be found in the county, the service of notice to be at least three months before the expiration of the time of redemption. Proof was made of the service of the notice on April 20, 1872, upon the person who was in the actual occupancy of the premises, and that he was the only one in such occupancy, and that the lot was not

assessed in the name of any person. This we regard as in compliance with the statute, and that it was sufficient to comply with the statute.

It is objected that the description of the premises in the notice is "lot 5, lot 23, in Carpenter's addition," whereas the premises in controversy, as described in the petition, are: "West half lot 5, in *Block* 23, in Carpenter's addition." We see no substantial defect in the description. We think the person served would not be misled by it, and would understand that the lot which had been sold was the lot 5, of which he was in the occupancy.

It appears further in this case, that just before the time of redemption from the tax sale expired, to-wit, on the 12th day of July, 1872, the said Fitch and others filed their bill in the Superior Court of Cook county against John Forsythe, Herman Lieb, county clerk of Cook county, the city of Chicago and others, describing the premises in question, and other property, alleging various irregularities and illegalities in the judgment and tax sale, and praying for an injunction against the county clerk from issuing, and the other defendants from making or obtaining any deed thereon, and praying that the judgment and tax sale might be cancelled and set aside.

Process of summons was issued and served on the defendants, and a temporary injunction awarded restraining the defendants as prayed for. On March 28, 1876, the injunction was dissolved and the bill dismissed. Fitch was one of the remote grantors of petitioner by warranty deed dated August 22, 1872. Here appears to have been a second judicial determination in favor of the validity of this tax title, and binding on the petitioner, a privy in estate. And it is a provision of our statute that "every injunction, when granted, shall operate as a release of all errors in the proceedings at law that are prayed to be enjoined." Rev. Stat. 1874, p. 579, § 5.

An assertion is made that the bill was dismissed for want of prosecution. But the record does not so show, and we must be governed by that.

It appears that the defendants offered in evidence the transcript of the record in the injunction suit dismissing the bill, and that, by agreement, a written stipulation of the parties was substituted in its place.

The stipulation, after reciting that the bill was filed on the 12th day of July, 1872, and further, as above set forth, concludes as follows: "That said injunction was dissolved and the bill dismissed March 28, 1876."

This does not show that the bill was dismissed for want of prosecution, and we do not well see how we are to understand from it otherwise than that the bill was dismissed on the merits.

It is the well settled rule, that a decree or order dismissing a bill upon its merits, where there is no direction that the dismission be without prejudice, is conclusive until reversal, and is a good plea in bar to a new bill for the same matter. 2 Story Eq. Jur. § 1523; *Foote* v. *Gibbs,* 1 Gray, 412.

The decree of the Appellate Court will be reversed, and the cause remanded with directions to affirm the decree of the circuit court.

*Decree reversed.*

DICKEY, C. J. and SCHOLFIELD and MULKEY, JJ.: We can not concur in the foregoing opinion.

WALKER, J.: I concur in the conclusion, but not in all of the reasoning of this opinion.