Lawrence Moore *et al.*

*v.*

Helen R. Williams *et al.*

*Filed at Mt.Vernon April 22, 1890.*

1.  Former adjudication—*as to what matters conclusive—different form of prior proceeding.*  A prior adjudication of the same subject matter between the same parties, although in a different mode of proceeding, operates as an estoppel upon the parties against subsequent litigation, at least as to all matters that were actually in controversy and decided.

2.  Same—*title settled in equity—as a bar to ejectment.*  Where a party, by bill in equity, has his title to land established, and is put in possession by a writ of possession of the land sued for in ejectment, he can not complain that judgment is refused in the action at law in his favor.

3.  Same—*effect of an appeal.*  An appeal from a decree does not destroy its operation as a former adjudication.  It does not vacate the decree, but simply suspends its execution.  It leaves the decree in full force as a merger of the cause of action, and a bar to further litigation.

Appeal from the Circuit Court of Franklin county; the Hon. George W. Young, Judge, presiding.

Mr. W. H. Williams, for the appellants:

The court erred in dismissing this suit because of the pendency of another suit involving the same subject matter in the Supreme Court, on appeal.  The pendency of a suit in the Appellate or Supreme Courts does not mean that the matters involved have been litigated, and have become *res judicata,* but simply that those matters are being litigated.

Mr. George C. Ross, and Mr. C. H. Layman, for the appellees:

Where two or more actions are identical as to the parties, the alleged cause of action, and the relief demanded, a judgment upon the merits in the first action will estop any and all parties from maintaining the subsequent one.  1 Herman on

Estoppel, secs. 243, 216; *Kalisch* v. *Kalisch,* 9 Wis. 529; *Hampton* v. *Quimby,* 46 Ill. 90.

The doctrine of *res judicata* embraces not only what has been actually determined in the former suit, but extends to any other matter properly involved. 119 Ill. 14. See, also, *Hawley* v. *Simons,* 102 Ill. 115; *Rogers* v. *Higgins,* 57 id. 244; *Kelly* v. *Donlin,* 70 id. 378; 103 id. 449; Bigelow on Estoppel, p. 46.

Mr. Justice Scholfield delivered the opinion of the Court:

This was ejectment, by appellants, against appellees. The court below held that appellants were estopped from prosecuting the suit to judgment in their behalf, by a decree in chancery in that court, between the same parties and in regard to the same subject matter, the court of chancery having jurisdiction of the subject matter, and that ruling presents the only question that it is necessary to decide upon this record.

The doctrine is of familiar application in this court, that a prior adjudication of the same subject matters between the same parties, although in a different mode of proceeding, operates as an estoppel upon the parties against subsequent litigation, at least as to all matters that were actually in controversy and decided in that adjudication. (*Garrick* v. *Chamberlain,* 97 Ill. 620; *Hawley* v. *Simons,* 102 id. 115; *Hamilton* v. *Quimby,* 46 id. 98; *Hanna* v. *Read et al.* 102 id. 596.) But it seems to be thought by counsel for appellants, that the fact that an appeal has been prosecuted from the decree destroys it as a former adjudication. This is a misapprehension. The appeal does not vacate or set aside the decree; it simply suspends its execution, and leaves it in full force as a merger of the cause of action and a bar to its further prosecution. (*Curtis* v. *Root,* 28 Ill. 367; *Oakes* v. *Williams,* 107 id. 154; *Nill* v. *Compret,* 16 Ind. 107; *Burton* v. *Burton,* 28 id. 342; *Bank of North America* v. *Wheeler,* 28 Conn. 518; Freeman on Judgments, sec. 328.) Moreover, the evidence shows that appellants, not-

withstanding their appeal, have had that part of the decree which is in their favor, executed. They were awarded a writ of possession, which they have had issued, and, by virtue of it, they have been placed in the actual possession of the property here sued for, and it is therefore impossible that they could, in any view, recover, by a judgment in this suit, anything they do not already have without a judgment.

The judgment is affirmed.

*Judgment affirmed.*