ALBERT S. WRIGHT
v.
GUSTAVUS W. GRIFFEY.

*Judgments and Decrees—Former Adjudication.*

When the ownership of personal property has been decided at law to be in a given person, even if an appeal therefrom is taken, the judgment is a bar to a proceeding in equity, brought to obtain possession thereof.

[Opinion filed January 25, 1893.]

APPEAL from the Circuit Court of Cook County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. G. W. & J. T. KRETZINGER, for appellant.

Messrs. RUNNELLS & BURRY, for appellee.

MR. JUSTICE GARY. The appellant filed a bill, the object of which was to get from the appellee 3,100 shares in the stock of a mining company.

The appellee put in as a defense that the appellant had sued the appellee before in an action of assumpsit; that in that suit the ownership of the stock in question was determined in favor of the appellee, stating the circumstances of the law suit, so as to reach that conclusion.

The appellant did not except to the answer, but replied to it, and amended his bill alleging that the judgment in the suit at law was suspended by an appeal still pending in the Supreme Court. Of this appeal there was no evidence.

The course of the pleading confessed that the defense was good if proved, and being, as it was, proved to be true, no question can now be made as to its sufficiency. And even if the allegation of an appeal pending had been proved, the effect of the judgment as a bar would have remained. Moore v. Williams, 132 Ill. 589.

The appellant should have continued (if he could) this cause until that appeal was disposed of. Had it terminated in his favor, the bar would have been removed. The decree is affirmed.

*Decree affirmed.*

WATERMAN, J., dissenting. I do not think that the issue involved in this case was determined in the suit at law.