# Ethel Kurz, Defendant in Error, v. Guenther Bradford & Company, Plaintiff in Error.

## Gen. No. 15,778.

RES JUDICATA—*how estoppel by verdict may be established.* It is competent to show by parol an estoppel by verdict, or its equivalent, where it is doubtful whether the subject-matter was or was not adjudicated in a prior suit.

Error to the Municipal Court of Chicago; the HON. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed October 5, 1911.

FRANCIS J. NOONAN and T. W. BROWN, for plaintiff in error.

LEE & LEE, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

We must reverse this judgment and remand the case to the Municipal Court for another trial. The judgment for $274.20 was in an action of the fourth class for damages for the taking and conversion by the defendant of household goods of the plaintiff. The goods in question were taken by the defendant under an attachment writ against the plaintiff's husband and sold under an execution in that suit.

We quote from plaintiff in error's brief and argument to show the objections made by it to the judgment of the Municipal Court.

*First.* There is no evidence as to ownership of the property in question.

*Second.* There is no evidence as to the market value of the property in question at the time it was taken under the attachment writ.

*Third.* The whole matter is *res adjudicata.* The

contention of the plaintiff here, Ethel Kurz, as to her title to the property was fully passed on and decided in the original attachment suit.

*Fourth.* If the files in that case do not establish that fact, the court erred in excluding parol evidence as to what occurred on the hearing of that case.

We do not sustain any one of the first three of these positions of the defendant. We think the proof of title and value was sufficient, and we are not satisfied that the record establishes a prior adjudication barring this suit.

But we think it is plain that the court erred in refusing to admit in evidence oral testimony that there was a hearing on an intervening petition filed by the plaintiff in the original attachment suit, and that certain depositions were then read on behalf of the plaintiff.

It is competent to show by parol an estoppel by verdict, or its equivalent, where it is doubtful whether the subject-matter was or was not adjudicated in a prior suit. Railroad Co. v. Schaffer, 124 Ill. 112. This was a proper case to apply the rule. Moore v. Williams, 132 Ill. 589.

The questions ruled out plainly tended to this end, and should have been allowed.

Counsel for defendant says that it cannot be shown that the plaintiff's claim was heard on the intervening petition, because the record shows that depositions in her behalf were not filed until two days after the order of dismissal of the petition. Aside from the fact that this in itself does not show that there was not a hearing on the petition without the depositions, the question whether these depositions were actually read by stipulation or otherwise was the very one ruled out.

For the error indicated the judgment of the Municipal Court is reversed and the cause remanded to that court.

*Reversed and remanded.*