## COHEN v. SUPERIOR OIL CORPORATION.
### No. 6239.

Circuit Court of Appeals, Third Circuit.

June 11, 1937.

Albert L. Simon, of Wilmington, Del. (Meyer Kraushaar, of New York City, of counsel), for appellant.

Ward & Gray, of Wilmington, Del. (E. Ennalls Berl and David F. Anderson, both of Wilmington, Del., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

Passing by the numerous questions raised in this case, we restrict ourselves to the decisive one of res adjudicata which the court held barred the plaintiff's suit, brought in the court below to recover on three notes given by defendant.

The facts of the case and the contentions of the parties are correctly stated in the trial court's opinion, as follows:

"The sixth plea is res judicata. It alleges that on July 30, 1930, a receiver was appointed for defendant in proceedings instituted in the state court of Oklahoma; that the receiver took charge of the assets of defendant in Oklahoma and notified creditors to file their claims; that pursuant to said notice the plaintiff, William W. Cohen, filed his claim with the receiver on November 24, 1930; that said claim was for $150,-000 based upon the identical notes here in suit. Exceptions were taken to the claim filed by Cohen with the receiver on the ground that the notes forming the basis of

the claim were without consideration and were procured by the fraud of the payee of said notes and that Cohen knew these facts. The receivers' exceptions to Cohen's claim were sustained by the Oklahoma court. That court held Cohen was not entitled to recover anything on the notes. Wherefore, defendant alleges that the adjudication of Cohen's rights in the Oklahoma court is a bar to plaintiff's action. Plaintiff's replication to defendant's sixth plea alleges that an appeal was taken by the plaintiff (Cohen) from the judgment of the Oklahoma court disallowing his claim in the receivership proceeding. It further alleges that while this appeal was pending a plan of reorganization was adopted and the assets in the hands of the receiver were returned to Superior Oil Corporation, and that the receiver was discharged. In the plan of reorganization approved by the Oklahoma court it was provided that the Superior Oil Corporation should agree to perform all contracts and obligations of the receiver. In its order confirming said plan of reorganization the Oklahoma court expressly reserved the power to retake the property and assets of Superior Oil Corporation if it failed to fulfill the obligations of the receiver. Plaintiff's replication further alleges: (1) That by reason of the receiver's discharge, the judgment of the Oklahoma court disallowing Cohen's (plaintiff's) claim is null and void, and of no effect ab initio; (2) that if said judgment of the Oklahoma court were still in force, the pendency of an appeal therefrom prevents said judgment from being res judicata; (3) that the suit in Oklahoma is not between the same parties involving the same subject-matter. To this replication of the plaintiff to defendant's sixth plea defendant has demurred."

After discussing formal defects in the replication—a matter we need not go into—the trial judge, referring to the question of res adjudicata, said:

■ "Aside from the formal defects, plaintiff's replication fails to answer defendant's plea of res judicata. In his replication plaintiff alleges that by reason of the discharge of the receiver, the courts of Oklahoma have lost jurisdiction of Cohen's (plaintiff's) claim, and therefore the judgment disallowing his claim is null and void and of no effect ab initio. This is a non sequitur. The order of the Oklahoma court providing for the surrender of the assets in the hands of the receiver and the order

discharging the receiver do not purport to nullify the proceedings taken during the course of the receivership. On the contrary, according to the order as pleaded in the replication, the court expressly reserves to itself the power to see that all the obligations of the receiver are performed. The order provides:

"'It is also ordered, adjudged and decreed by the Court that as a condition for the surrender to it of the property in the hands of the Receiver, Superior Oil Corporation shall by its appropriate resolution of its Board of Directors accept the delivery and surrender of said property from said Receiver and agree that it will be bound by and perform all of the contracts and obligations of the Receiver for payments or otherwise; and the power to retake said property or any parcel thereof, in the event the said Superior Oil Corporation shall fail to comply with its said obligation, is hereby expressly reserved by the Court, and this Court expressly retains jurisdiction of all of said property and the power to retake said property or any part thereof and restore and reinstate the said Receivership for the purpose of enforcing the performance of any and all of the contracts and obligations of the said Receiver so to be assumed by Superior Oil Corporation at or before the receipt and taking by it of said property.'

■ "Further, the replication alleges that Cohen is now engaged in prosecuting an appeal from said judgment in the Supreme Court of Oklahoma. No authority is cited and none can be found that the Oklahoma judgment is null and void by reason thereof. The only question is whether the pendency of an appeal prevents the Oklahoma judgment from being res judicata. There is no basis for this contention.

"'The appeal from a judgment does not suspend its effect. The appeal when perfected, may stay execution upon the judgment from which it is taken; but, until reversed, it stands binding upon the parties on every question directly decided.' Emery v. United States (D.C.) 27 F.(2d) 992, 994.

"'When the state court refused to give that judgment effect it denied a right secured by the Federal court judgment upon matters wherein its decision was final until reversed in an appellate court, or modified or set aside in the court of its rendi-

812

tion.' Deposit Bank v. Frankfort, 191 U. S. 499, 520, 24 S.Ct. 154, 162, 48 L.Ed. 276.

"The United States Supreme Court recognized the principle that the judgment of a competent court is res judicata in all other controversies involving the same subject-matter between the same parties, until reversed or set aside. The pendency of an appeal does not prevent such a judgment from being res judicata. It is only when reversed on appeal that such a judgment loses its efficacy.

"'The doctrine is of familiar application in this court that a prior adjudication of the same subject-matters, between the same parties, although in a different mode of proceeding, operates as an estoppel upon the parties against subsequent litigation, at least as to all matters that were actually in controversy and decided in that adjudication. Garrick v. Chamberlain, 97 Ill. 620; Hawley v. Simons, 102 Ill. 115; Hamilton v. Quimby, 46 Ill. 90, 98; Hanna v. Read, 102 Ill. 596, 40 Am.Rep. 608. But it seems to be thought by counsel for appellants that the fact that an appeal has been prosecuted from the decree destroys it as a former adjudication. This is a misapprehension. The appeal does not vacate or set aside the decree. It simply suspends its execution, and leaves it in full force as a determination of the cause of action, and a bar to its further prosecution. Curtis v. Root, 28 Ill. 367; Oakes v. Williams, 107 Ill. 154; Nill v. Comparet, 16 Ind. 107, 79 Am.Dec. 411; Burton v. Burton, 28 Ind. 342; Bank of North America v. Wheeler, 28 Conn. 433, 73 Am.Dec. 683; Freem. Judgm. § 328.' Moore v. Williams, 132 Ill. 589, 24 N.E. 619, 22 Am.St.Rep. 563.

"The plaintiff submitted his cause of action to the Oklahoma courts and is bound by such election after judgment has been entered against him. He cannot come into this forum and retry the same issues a second time. The Oklahoma judgment in favor of the defendant is a bar to this proceeding, and the pendency of the appeal does not disturb its effectiveness."

Finding ourselves in accord with this reasoning and conclusion, the judgment below is affirmed, but with direction to the trial court to retain jurisdiction of the cause to await action by the Supreme Court of Oklahoma.