**ALEXANDER & ALEXANDER, INC., Appellant,**

v.

**Edward VAN IMPE and Edward L. Noyes & Co., Inc., Appellees.**

No. 85–1427.

United States Court of Appeals, Third Circuit.

Argued Feb. 11, 1986.

Decided April 7, 1986.

As Amended May 20, 1986.

Sandra Girifalco, Jeffrey A. Lutsky (argued), Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for appellant.

James M. Sweet, Horace D. Nalle, Jr. (argued), Sheryl A. Donnelly, Drinker Biddle & Reath, Philadelphia, Pa., for appellees.

Before HIGGINBOTHAM and STAPLETON, Circuit Judges, and TEITELBAUM,* District Judge.

## OPINION OF THE COURT

TEITELBAUM, District Judge.

Alexander & Alexander, Inc. (A & A) appeals from an order of the district court granting summary judgment for Edward Van Impe and Edward L. Noyes & Co., Inc. We reverse and remand for further proceedings.

* The Honorable Hubert I. Teitelbaum, Senior United States District Judge for the Western

I.

*Van Impe I.*

Edward Van Impe began working for A & A on January 22, 1979 as a producer of insurance business. Two days after he began working for A & A, Van Impe entered into a restrictive covenant. Van Impe was prohibited for a two-year period after termination from competing with A & A for any customers which he had handled, serviced or solicited at any time during the two-year period immediately preceding termination.

A & A received notice on March 30, 1984 of Van Impe's resignation, effective as of the next day. Van Impe sent letters to several of A & A's clients informing them that he was leaving A & A and that he would be contacting them in the near future. Van Impe then began working for Noyes & Co., on whose behalf he solicited clients of A & A.

A & A subsequently brought suit in district court seeking to enjoin Van Impe and Noyes & Co. from competing for those clients who were covered by the restrictive covenant. It also sought damages for breach of the restrictive covenant (*Van Impe I*).

A & A contended that a total of 32 accounts were within the scope of the restrictive covenant. Van Impe and Noyes & Co. denied that certain of those accounts should be included. The parties eventually stipulated that 27 of those accounts were within the scope of the agreement, if it was found to be enforceable. A total of 5 accounts, including the Whelan Co. account, remained at issue. A & A then introduced testimony concerning those contested accounts to show that they too fell within the scope of the covenant.

The district court, in a Memorandum Opinion issued on July 7, 1984, held that the restrictive covenant was binding, that the Whelan Co. account was within the

District of Pennsylvania, sitting by designation.

scope of the covenant, and that Van Impe had breached the covenant by soliciting clients that he had produced for A & A. No express finding was made as to which clients Van Impe had solicited. A & A's request for injunctive relief was denied because it had failed to prove that such relief was reasonably necessary for its protection.

Damages were awarded to A & A only for loss of the Fitzgerald-Sommer Funeral Home account. The Court reasoned as follows:

"... [T]he evidence was clear that Van Impe had solicited clients that he produced for A & A in violation of the covenant not to compete. The only commission that A & A proved it had lost was the Fitzgerald-Sommer Funeral Home account of $251.71. With respect to all other accounts that were the subject of testimony, I find that A & A failed to show ... that, as of this date, it had lost any renewals or failed to get expanded coverage as a result of the breach by Van Impe. In addition, A & A failed to establish a reasonable likelihood of such loss in the future. In the absence of such proof of damages, A & A is not entitled to recover."

Judgment accordingly was entered on July 9, 1984 in favor of A & A and against Van Impe in the amount of $251.71 and in favor of Noyes & Co. and against Van Impe. Neither side appealed from this judgment.

## II.

*Van Impe II.*

On July 27, 1984, some 18 days *after* judgment had been entered in *Van Impe I,* Whelan Co. sent notice to A & A that it was transferring its business from A & A to Noyes & Co.

A & A then brought the present action on December 1, 1984, against Van Impe and Noyes & Co. as the result of Van Impe's solicitation of and Noyes & Co.'s acceptance of the Whelan Co. account. (*Van Impe II.*).

The district court, in a Memorandum Opinion issued on May 14, 1985 held that A & A was precluded from seeking damages for loss of the Whelan Co. account because the claim already had been litigated in *Van Impe I.* The court reasoned as follows:

"In this suit, A & A seeks $12,622.03 as damages for lost profits due to Van Impe's breach of the covenant with regard to a specific former A & A account, Joseph F. Whelan Company, Inc. This account was one of many which were the subject of testimony in the prior proceeding. Of those, only the Fitzgerald-Sommer Funeral Home account generated an award of money damages for A & A. With respect to all the other accounts, this court stated:

"I find that A & A failed to show by a preponderance of the evidence that, as of this date, it had lost any renewals or failed to get expanded coverage as a result of the breach by Van Impe. In addition, A & A failed to establish a reasonable likelihood of such loss in the future. In the absence of such proof of damages, A & A is not entitled to recover [against defendant Van Impe.]

"With respect to defendant Noyes, it was not a party to the covenant not to compete ... [and] since ... there was no showing that Noyes breached any duty it owed to A & A or that A & A suffered any damages as a result of Noyes' conduct, judgment will be entered in favor of defendant Noyes.

"... In light of this court's prior ruling, quoted above, A & A is precluded, as a matter of law, from seeking damages for Van Impe's breach of the covenant with regard to the previously litigated Joseph F. Whelan Company, Inc. account."

Summary judgment then was entered for Van Impe and Noyes & Co. and against A & A, whereupon this appeal by A & A followed.

## III.

█ In general, *res judicata* makes a final, valid judgment conclusive on the par-

ties as to all claims that were or could have been litigated in that action. *See Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981). *Res judicata* applies, however, only to claims arising *prior* to the entry of judgment. It does not bar claims arising *subsequent to* the entry of judgment and which did not then exist or could not have been sued upon in the prior action. *See Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 329, 75 S.Ct. 865, 869, 99 L.Ed. 1122 (1955).

As was noted above, judgment in *Van Impe I* was entered on July 9, 1984. The claim asserted in *Van Impe II,* however, did not arise until July 27, 1984, when Whelan Co. appointed Noyes & Co. as its insurance broker with respect to all policies previously handled by A & A. Because the alleged injury giving rise to the claim for damages in *Van Impe II* did not occur until after judgment had been entered in *Van Impe I,* the claim in *Van Impe II* neither had been nor could have been brought in *Van Impe I* and, consequently, was not barred as *res judicata.*

## IV.

Van Impe and Noyes & Co. argue that the judgment entered in *Van Impe I* is *res judicata* of the claim asserted in *Van Impe II* because A & A could have brought a declaratory judgment action in *Van Impe I* seeking a declaration that the restrictive covenant was enforceable and that the Whelan Co. account was within its scope.

We disagree that A & A's failure to bring a declaratory judgment action in *Van Impe I,* when indeed it could have done so, precludes the bringing of the claim asserted in *Van Impe II.* As was noted previously, the district court in *Van Impe I* did in fact determine the rights and obligations existing among the parties when it found that the restrictive covenant was enforceable and that the Whelan Co. account was within its scope. We have already concluded, however, that the judgment entered in *Van Impe I* could not be *res judicata* of the claim for damages asserted in *Van*

*Impe II* because the claim asserted in *Van Impe II* had not yet arisen at the time judgment was entered in *Van Impe I.*

Moreover, the result here would have been no different even if A & A had sought and had received a declaratory judgment stating that the restrictive covenant was enforceable and that the Whelan Co. account was within its scope. The language of the Declaratory Judgment Act itself indicates that a declaration as to the rights and obligations of the parties is not *res judicata* of a subsequent action for damages.

28 U.S.C. § 2202 provides that:

"Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

The prevailing party in a declaratory judgment action subsequently may seek *further* relief. *See Powell v. McCormack,* 395 U.S. 486, 499, 89 S.Ct. 1944, 1952, 23 L.Ed.2d 491 (1969). Such "further relief" can include damages. *See Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.,* 575 F.2d 530, 537 (5th Cir. 1978); *see also* 10 WRIGHT, MILLER, & KANE, *Federal Practice and Procedure,* § 2771 at 765 n. 6 (1983).

The fact that A & A could have sought a declaratory judgment as to these matters in *Van Impe I,* but failed to do so, is therefore immaterial. We can see no reason why A & A should be any worse off in *Van Impe II* merely because it failed to seek a declaratory judgment in *Van Impe I* when it could have done so.

The order of the district court granting summary judgment for Van Impe and Noyes & Co. and against A & A is reversed and the case is remanded for further proceedings in accordance with this opinion.