**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

No. 16-1352

NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN BOARD OF TRUSTEES

v.

BERNARD MCLAUGHLIN,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(District Case No. 3-12-cv-04322)
District Judge:  Honorable Anne E. Thompson

Argued September, 21 2016

Before:  McKEE[*], HARDIMAN, and RENDELL, <u>Circuit Judges</u>

(Opinion filed: January 6, 2017)

Steven L. Kessel          (Argued)
Drazin & Warshaw
25 Reckless Place
P.O. Box 8909
Red Bank, NJ 07701

    Counsel for Appellant

---

   [*] Judge McKee was Chief Judge at the time this appeal was submitted.  Judge McKee completed his term as Chief Judge on September 30, 2016.

John D. Kolb        (Argued)
Gibson & Sharps
9420 Bunsen Parkway
Suite 250
Louisville, KY 40223

     Counsel for Appellee

O P I N I O N[*]

**RENDELL**, <u>Circuit Judge</u>:

Bernard McLaughlin appeals from the District Court's order entering Judgment against him in the amount of $45,347.89 in an action commenced by the National Elevator Industry Health Benefit Plan Board of Trustees ("the Plan"). We will affirm.

McLaughlin was injured in an all-terrain vehicle accident in January 2009. The Plan extended him approximately $47,590.24 in benefits for his medical treatment costs. McLaughlin also filed a claim against a third party and subsequently recovered monies by way of settlement. He did not assert medical expenses as part of the claim against the third party. The Plan then sought reimbursement from McLaughlin from the settlement proceeds according to the following Plan provision:

> The Plan has a right to first reimbursement out of any recovery. Acceptance of benefits from the Plan for an injury or illness by a covered person, without any further action by the Plan and/or the covered person, constitutes an agreement that any amounts recovered from another party by award, judgment, settlement or otherwise, and regardless of how the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

proceeds are characterized, will promptly be applied first to reimburse the Plan in full for benefits advanced by the Plan due to the injury or illness.

A19a.

The Plan subsequently brought suit in the United State District Court for the District of New Jersey and sought "the imposition of a constructive trust and/or equitable lien over identifiable funds in the possession and/or control of [McLaughlin]. No money damages [were] sought . . . ." Complaint at 2, ¶4. McLaughlin urged that he was not obligated to reimburse the Plan because he had not recovered money for medical bills in the settlement. The District Judge granted summary judgment for the Plan on January 24, 2014 and opined that "[s]ince the Plan's language is clear and the agreement controls, Defendant must reimburse [the Plan] from the Settlement." *Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan v. McLaughlin*, No. 12-4322, 2014 WL 284431, at *4 (D.N.J. Jan. 24, 2014).[1]

Thereafter, in December 2015, the Plan sent a letter to the District Judge noting, "We now wish to file a lien against the Defendant for the unpaid medical lien; however the order and judgment from the District Court granting summary judgment in favor of [the Plan] does not mention a sum certain." A26a. It then goes on to state that the "current claim amount is $45,347.89." A26a. It also noted that it advised McLaughlin's counsel of the current amount by letter dated October 8, 2015 and had not received any

---

[1] McLaughlin appealed from this order, and we affirmed in a non-precedential opinion. *See Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan v. McLaughlin*, 590 F. App'x 154 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 1405 (2015).

objection. A26a, A61a. On December 21, 2015, the District Court ordered that judgment in that amount be entered in favor of the Plan.

McLaughlin now makes several arguments in this appeal, but principally challenges the District Court's entry of a "new order for judgment" under Rule 60, McLaughlin Br. 6, notwithstanding the previous "final order" of the District Court. He also urges that ERISA does not authorize entry of a money judgment. Our analysis depends in part on how we should characterize what occurred in the District Court and in part on the state of the law at the time judgment was entered.

It should be noted that McLaughlin originally argued in the District Court that since the funds he received had been dissipated, *i.e.*, spent by him, there could be no enforceable lien. The District Court rejected that argument based on our opinion in *Funk v. Cigna*, 648 F.3d 182 (3d Cir. 2011), in which we held that a lien-by-agreement can be enforced notwithstanding the dissipation of the specific fund to which the lien attached. *See Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 2014 WL 284431, at *2 n.2. McLaughlin did not appeal that aspect of the original ruling in the District Court in his earlier appeal. We note that *Funk* was clearly controlling at that time.

Here, we must decide what the District Court was doing when it entered judgment in the amount of $45,347.89 on December 21, 2015. McLaughlin asserts that it was entering a personal judgment that is not a valid "equitable remedy" authorized by ERISA. The Plan, on the other hand, contends that the District Court had granted equitable relief as requested in its complaint and thus was simply monetizing the amount of the current lien claim.

4

We think the Plan has the better argument. While it would seem that such a money judgment would originally be deemed a legal judgment prohibited by ERISA, the District Court was acting pursuant to our opinion in *Funk* which permitted it to enforce a lien-by-agreement against property other than the res to which the lien attached. It follows logically that the District Court needed to indicate the amount of the lien in order to do so. That, together with the underlying equitable relief requested by the Plan, causes us to view the judgment at issue here as one that merely monetizes the lien and does not run afoul of ERISA.

The parties acknowledge that our ruling in *Funk* has been abrogated by the Supreme Court's opinion in *Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651 (2016), which clarified that in order to be equitable, the lien must attach to a specific fund, and if that specific fund is dissipated, relief against the debtor is no longer equitable. McLaughlin asked the District Court to vacate its order under Rule 60(b) and apply *Montanile*, and on appeal before us he contends the District Court erred in refusing to do so. We reject this argument and will affirm on this issue as well. "[I]ntervening changes in the law rarely justify relief from a final judgment." *Cox v. Horn*, 757 F.3d 113, 121 (3d Cir. 2014). Moreover, McLaughlin has not presented the extraordinary circumstances that would warrant such relief.

Accordingly, we will affirm the District Court's order.