NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4108
_____

BERNARD McLAUGHLIN; J.J.M., a minor
through his <u>guardian ad litem</u> REGINA McLAUGHLIN,

Appellants

v.

BOARD OF TRUSTEES OF THE NATIONAL ELEVATOR
INDUSTRY HEALTH BENEFIT PLAN


_____


On Appeal from the United States District Court
for the District of New Jersey
(No. 3-16-cv-03121)
District Judge:  Honorable Anne E. Thompson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 3, 2017

Before:  CHAGARES, SCIRICA, and FISHER, <u>Circuit Judges</u>.

(Opinion Filed: April 11, 2017)


_____

OPINION[*]
_____


CHAGARES, <u>Circuit Judge</u>.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Plaintiffs Bernard McLaughlin ("McLaughlin") and J.J.M., his minor son proceeding through guardian ad litem Regina McLaughlin, brought this action against the Trustees of the National Elevator Industry Health Benefit Plan ("the Plan"). The Plan moved for dismissal, arguing that McLaughlin and J.J.M.'s claims were barred by claim preclusion or res judicata. The District Court dismissed, and McLaughlin and J.J.M. appealed. For the following reasons, we will affirm.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. The Board of Trustees is the administrator of the Plan, a self-funded welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). McLaughlin is a participant in the plan. J.J.M is a qualified eligible dependent and a plan beneficiary.

Bernard McLaughlin was injured in an all-terrain vehicle accident in January 2009. The Plan paid a portion of McLaughlin's medical bills resulting from the accident. McLaughlin asserted a third-party liability claim and, in December 2011, that case settled. The Plan then asserted a lien against the settlement proceeds to obtain reimbursement for the benefits previously advanced on McLaughlin's behalf. McLaughlin refused to reimburse the Plan.

The Plan filed suit against McLaughlin in July 2012 to recover the funds previously advanced (hereinafter "McLaughlin I"). While that suit was pending and since some time in 2013, the Plan has asserted a "set-off" against the money it claims

2

McLaughlin owes it, thus refusing to pay unrelated medical expenses incurred by McLaughlin and J.J.M. Appendix ("App.") 21a. After implementing the set-off, the Plan moved for summary judgment. McLaughlin counterclaimed seeking a declaration that the set-off was legally prohibited and that the Plan was not entitled to withhold payment of benefits to McLaughlin or his family. App. 22a. In January 2014, the District Court granted summary judgment in favor of the Plan and denied summary judgment on McLaughlin's counterclaim. The District Court concluded that the language of the Plan gave rise to an equitable lien by agreement but did not adjudicate the amount of the lien. We affirmed this determination in October 2014. Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan v. McLaughlin, 590 F. App'x 154 (3d Cir. 2014).

The Plan returned to the District Court in December 2015 and filed suit against McLaughlin to monetize the lien into a sum certain (hereinafter "McLaughlin II"). The District Court entered judgment in the amount of $45,347.89. App. 43a. McLaughlin moved to vacate the judgment under Federal Rule of Civil Procedure 60. The District Court denied McLaughlin's motion to vacate. App. 49a. McLaughlin appealed, and we affirmed. Nat'l Elevator Indus. Health Benefit Plan Bd. of Trs. v. McLaughlin, No. 16-1352, 2017 WL 66585, at *1 (3d Cir. Jan. 6, 2017).

McLaughlin and J.J.M. filed the instant lawsuit against the Plan in June 2016 (hereinafter "McLaughlin III"). McLaughlin sought a declaration that the Plan's "set-off" is legally impermissible and that the Plan is required to reimburse McLaughlin and J.J.M. for all withheld medical expenses. App. 23a. The Plan moved to dismiss on res judicata grounds. McLaughlin and J.J.M. opposed the motion and cross-moved for

3

partial summary judgment. The District Court granted the Plan's motion to dismiss, and denied the cross-motion for summary judgment. This timely appeal followed.

## III.

The District Court had jurisdiction under 29 U.S.C. § 1132, and we have appellate jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's dismissal under Rule 12(b)(6) is plenary. Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). Dismissal for failure to state a claim is appropriate when it is obvious, either from the face of the pleading or from other court records, that an affirmative defense such as res judicata will necessarily defeat the claim. See Jones v. Bock, 549 U.S. 199, 215 (2007).

## III.

The principal issue on appeal is whether the doctrine of res judicata bars McLaughlin and J.J.M.'s instant claims. McLaughlin and J.J.M. maintain that res judicata does not apply because J.J.M. was neither party to, nor in privity with, any party to the prior litigation. McLaughlin and J.J.M. also argue that the District Court's December 2015 Order of Judgment constituted a "continuing course of conduct" barring the application of res judicata in this case. We have considered McLaughlin and J.J.M.'s arguments, and for the following reasons, we will affirm the District Court's determination.

A.

Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same "cause of action" as the first suit.[1] See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). A party seeking to invoke res judicata must establish three elements: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action. Id. "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." Id. For the following reasons, the District Court correctly concluded that each of the three res judicata elements is present here.

First, the District Court's grant of summary judgment in favor of the Plan in McLaughlin I constitutes a final judgment on the merits for the purposes of res judicata. See Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973). That McLaughlin II, a separate matter, was then pending does not alter this conclusion. Cf. Robi v. Five Platters, Inc., 838 F.2d 318, 327 (9th Cir. 1988) (noting that pendency of an appeal does not bar preclusion); Cohen v. Superior Oil Corp., 90 F.2d 810, 812 (3d Cir. 1937) (same).

We next address whether the parties to the instant suit were party to, or in privity with, a party to the prior suit. There is no dispute here that McLaughlin was a party in the original litigation. The only relevant question is therefore whether the District Court

---

[1] Because this case involves the preclusive effect of a prior federal court determination, we apply federal law principles of collateral estoppel. See Doe v. Hesketh, 828 F.3d 159, 171 (3d Cir. 2016) (citing Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 145 (3d Cir. 1999)).

5

properly concluded that J.J.M. was in privity with McLaughlin.

Privity "requires a prior legal or representative relationship between a party to the prior action and the nonparty against whom estoppel is asserted." Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 312 (3d Cir. 2009). The Supreme Court has recognized six traditional categories where nonparty preclusion may be appropriate, including where there is a pre-existing "substantive legal relationship" between the person to be bound and a party to the prior judgment. Id. (citing Taylor v. Sturgell, 553 U.S. 880, 893–95 (2008)). A "substantive legal relationship" as contemplated by the Taylor Court principally refers to one in which "the parties to the first suit are somehow accountable to nonparties who file a subsequent suit raising identical issues." Pelt v. Utah, 539 F.3d 1271, 1290 (10th Cir. 2008).

The District Court concluded here that J.J.M. and McLaughlin maintained a "substantive legal relationship" because J.J.M.'s eligibility for benefits and legal claims were "wholly derivative" of McLaughlin's rights and obligations under the Plan. App. 11a-12a. This emphasis on the dependency of the claims is understandable given the abundance of authority — especially prior to the Supreme Court's decision in Taylor — addressing derivative claims in the context of non-party preclusion generally.[2]

---

[2] There is robust authority relating to non-party preclusion in this context. See, e.g., 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Jurisdiction §§ 4454 (2d ed. 2002) (noting that res judicata is appropriate when "derivative claims held by members of the same family" are brought); see also Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 677 (5th Cir. 2003) ("Privity exists where, for example, a party's claim is derivative of the original party's claim."); Ferris v. Cuevas, 118 F.3d 122, 131 (2d Cir. 1997) (applying non-party preclusion because the plaintiffs' rights in the subsequent action were "conditioned . . . on" the plaintiffs' rights in the prior

Nonetheless, we feel compelled to clarify that the mere existence of a derivative claim does not automatically permit the application of the "substantive legal relationship" exception. Rather, the inquiry "turns on the <u>relationship</u> between the parties and not on the alignment of the types of damages available under the theories of recovery asserted in each proceeding." <u>Baloco v. Drummond Co.</u>, 767 F.3d 1229, 1251 n.31 (11th Cir. 2014) (emphasis added). Application of the exception is thus reserved for a variety of "fiduciary, contractual or property relationship[s] between current and prior litigants," <u>Pelt</u>, 539 F.3d at 1290, including, but not limited to, "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor," <u>Taylor</u>, 553 U.S. at 894.

With this caveat in mind, we agree generally with the District Court that the facts of this case trigger the exception here. Like those relationships traditionally qualifying for the exception, the relationship of a participant and eligible dependent is born of and encompassed within contract, namely the Plan documents.[3] See <u>Nationwide Mut. Fire</u>

---

action); <u>Terrell v. DeConna</u>, 877 F.2d 1267, 1271 (5th Cir. 1989) (permitting a twice-sued defendant to raise preclusion defenses in the subsequent suit by a spouse raising legally derivative claims).

[3] "ERISA's framework ensures that employee benefit plans be governed by written documents and summary plan descriptions, which are the statutorily established means of informing participants and beneficiaries of the terms of their plan and its benefits." <u>In re Unisys Corp. Retiree Med. Benefit</u>, 58 F.3d 896, 902 (3d Cir. 1995). Although statements in a summary plan "provide communication with beneficiaries <u>about</u> the plan . . . [they] do not themselves constitute the <u>terms</u> of the plan." <u>Cigna Corp. v. Amara</u>, 563 U.S. 421, 438 (2011). Nonetheless, the District Court and the Plan have cited to the language in the Summary Plan Description ("SPD") as the language of the Plan. We, too, adopt this approach. See <u>US Airways, Inc. v. McCutchen</u>, 133 S. Ct. 1537, 1543 n.1 (2013) ("Because everyone in this case has treated the language from the summary description as though it came from the plan, we do so as well."). Moreover, insofar as McLaughlin and J.J.M. now contend that the SPD was not "designated a plan document"

7

Ins. Co., 571 F.3d at 310–11 ("[P]rivity has traditionally been understood as referring to the existence of a substantive legal relationship, such as by contract, from which it was deemed appropriate to bind one of the contracting parties to the results of the other party's participation in litigation." (emphasis added)).  Moreover, McLaughlin and J.J.M. are indeed "accountable" to each other, Pelt, 539 F.3d at 1290, through the explicit terms of the benefits plan, which permit deduction from either for any funds owed to the Plan. See App. 37a (recognizing that the Plan may deduct amounts owed by a participant "from future benefits to which the covered person or an immediate covered family member may otherwise be entitled until the amount due the Plan has been satisfied" (emphasis added)). Their relationship here is thus distinct from that of "mere self-appointed volunteers without authority to bind any other beneficiaries by litigation."  Pelt, 539 F.3d at 1291. To the contrary, McLaughlin and J.J.M. are in privity precisely because, by virtue of their preexisting legal relationship, the judgment in McLaughlin I necessarily extinguished any claim J.J.M. may have as to the legal permissibility of the set-off.  The District Court therefore did not err in concluding that J.J.M. was in privity with McLaughlin.[4]

---

and so cannot control here, McLaughlin Reply Br. 1, we deem this argument forfeited because it is raised solely in the reply brief.  See Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (holding that an argument is not preserved "unless a party raises it in its opening brief").

[4] We have considered McLaughlin's and J.J.M.'s arguments to the contrary and consider them lacking in merit.  McLaughlin and J.J.M. argue, for instance, that J.J.M.'s interests are "distinct from his father's because the Plan was required to pay [J.J.M.'s] medical benefits independently of his father's."  McLaughlin Br. 7.  This contention is contradicted by the clear terms of the Plan, however, which permit deduction of funds owed from any plan participant or eligible dependent.  App. 37a.  McLaughlin and J.J.M. also argue that "the interests of the father and son were not squarely aligned."

8

Third, there is an identity of claims between the prior and subsequent suits. In determining whether there is an identity of claims, "we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (quoting United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984)). It is not "dispositive that [a party] asserts a different theory of recovery or seeks different relief in the two actions." Athlone Indus., Inc., 746 F.2d at 984. Rather, we look to see "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).

Here, the act complained of — that the Plan breached its fiduciary duty by offsetting benefits otherwise payable to McLaughlin and his family members — was alleged in both the prior and subsequent cases. McLaughlin and J.J.M. concede as much by acknowledging that "the plaintiffs asserted a Counterclaim [in McLaughlin I] seeking relief similar to that requested in the within Complaint." App. 22a. Moreover, the factual allegations required proof through the same witnesses and documentation. We thus conclude that there was an identity of claims in this case.

In sum, because each of the three elements of the res judicata analysis is present,

---

McLaughlin Br. 10. That precisely the same relief is sought in both the prior and subsequent litigations undermines this argument. See Baloco, 767 F.3d at 1251 n.32 (affirming res judicata determination in part because, as between the parties and their privies, the "interests in litigating this issue were perfectly aligned").

the District Court did not err in dismissing on claim preclusion grounds.

B.

McLaughlin and J.J.M. maintain that the judgment in McLaughlin I does not have preclusive effect because the "continuing course of conduct" exception bars application of res judicata. For the following reasons, we do not agree.

The "continuing course of conduct" exception recognizes that "when significant new facts grow out of a continuing course of conduct the issues in a successive suit may fail to constitute the same 'issue' so as to merit preclusive effect." Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency, 126 F.3d 461, 477 (3d Cir. 1997); see also Labelle Processing Co. v. Swarrow, 72 F.3d 308, 313–14 (3d Cir. 1995). We have thus held that res judicata does not "bar claims arising subsequent to the entry of judgment and which did not then exist or could not have been sued upon in the prior action." Alexander & Alexander, Inc. v. Van Impe, 787 F.2d 163, 166 (3d Cir. 1986).

The exception invoked here is inapplicable. McLaughlin, through his counterclaim in the first case, sought precisely the same relief that he now seeks with J.J.M. Moreover, McLaughlin and J.J.M. have failed to identify any new facts giving rise to a new claim. To the contrary, any alleged injuries relating to the Plan's set-off practice were present before McLaughlin filed his counterclaim in McLaughlin I. McLaughlin and J.J.M.'s claims in the instant action therefore arose before the final judgment in McLaughin I issued and "could . . . have been sued upon in the prior action." Van Impe, 787 F.2d at 166. The "continuing course of conduct" exception thus does not apply here.

IV.

10

For the foregoing reasons, we will affirm the District Court's order dismissing the case.