**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-1083

———————————

NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN BOARD OF
TRUSTEES

v.

BERNARD MCLAUGHLIN,
                                        Appellant

———————————

Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3-12-cv-04322)
District Judge: Hon. Anne E. Thompson

———————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 27, 2018

———————————

Before: SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*.

(Opinion filed: May 21, 2019)

———————————

OPINION*

———————————

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge.*

Bernard McLaughlin appeals the order of the District Court denying his motion for relief from a judgment pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(b)(5). He argues that the District Court abused its discretion by not allowing discovery. For the reasons that follow, we will affirm.

I.[1]

McLaughlin was injured in an all-terrain vehicle accident and received an advance for medical benefits from the Board of Trustees of the National Elevator Industry Health Benefit Plan (the "Plan") on the condition that he reimburse the Plan should he recover from a third party. McLaughlin received a settlement, but refused to reimburse the Plan. The Plan filed suit against McLaughlin to recover funds previously advanced. The District Court awarded summary judgment in favor of the Plan and this Court affirmed.[2]

Following the appeal, the Plan filed suit against McLaughlin to monetize the lien into a sum certain. The District Court entered judgment in the amount of $45,347.89 in favor of the Plan. McLaughlin moved to vacate the judgment under Rule 60. The District Court denied McLaughlin's motion to vacate. This Court affirmed.[3]

In June 2016, McLaughlin filed a collateral civil action against the Plan challenging the Plan's right to enforce a set-off provision and argued that the Plan was required to

---

[1] The District Court had jurisdiction over the case pursuant to 29 U.S.C. § 1132. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.
[2] *Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan v. McLaughlin*, 590 F. App'x 154 (3d Cir. 2014) [hereinafter *McLaughlin I*].
[3] *Nat'l Elevator Indus. Health Benefit Plan Bd. of Trs. v. McLaughlin*, 674 F. App'x 189 (3d Cir. 2017) [hereinafter *McLaughlin II*].

2

reimburse McLaughlin all withheld medical expenses. The District Court granted the Plan's motion to dismiss on *res judicata* grounds. Again, we affirmed.[4]

On August 2, 2017, after the time-frame for McLaughlin to file a petition for certiorari to the United States Supreme Court had expired, the Plan docketed the judgment with the New Jersey Superior Court. Pursuant to that docketing, McLaughlin moved to vacate the order of judgment, styled as a Motion for Relief from a Judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) and 60(b)(5). McLaughlin sought relief on two grounds: first, that the Plan committed misconduct by filing the judgment lien in New Jersey state court under Rule 60(b)(3); and second, under Rule 60(b)(5), that the judgment lien had been satisfied through McLaughlin's employer's continued contributions to the Plan.

The District Court held that McLaughlin was not entitled to relief under Rule 60(b)(3) because the docketing of the judgment did not constitute the type of fraud or misconduct required under the rule and the motion was well beyond the one-year limitations period mandated by the federal rules.[5] Moreover, because McLaughlin's motion was untimely, the District Court declined to consider relief under Rule 60(b)(5) or to permit discovery.[6] This appeal followed.

---

[4] *McLaughlin v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 686 F. App'x 118 (3d Cir. 2017) [hereinafter *McLaughlin III*].
[5] *Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan v McLaughlin*, No. 3:12-cv-04322, 2017 WL 6550489, *2–3 (D.N.J. Dec. 20, 2017).
[6] *Id.* at *3.

3

II.

We review a district court's denial of relief under Federal Rule of Civil Procedure 60(b), with the exception of those raised under Rule 60(b)(4), under an abuse of discretion standard.[7] Rule 60(b) authorizes relief from a final judgment on six separate grounds.[8] All motions made under Rule 60(b) must be made within a reasonable time of the entry of the order or judgment.[9] Those made under subsection (b)(3) "must be brought within one year of the entry of a final judgment. An appeal does not toll this time period."[10]

McLaughlin waited 11 months after we affirmed the judgment lien and 23 months after the actual entry of the judgment lien to file for relief from the District Court's order. He first attempts to argue that his challenge is nevertheless timely by arguing that the docketing with the New Jersey Superior Court is the appropriate "proceeding" at issue. However, as the District Court explained in its well-reasoned and thorough opinion, the docketing itself is not a proceeding, nor is it the actual final judgment, order, or proceeding from which McLaughlin seeks relief. McLaughlin also attempts to argue that the one-year clock should not have begun ticking until we decided *McLaughlin II*. The argument is futile because an appeal does not toll this time period. Accordingly, relief under Rule 60(b)(3) is time barred.

---

[7] *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).
[8] *In re Bressman*, 874 F.3d 142, 148 (3d Cir. 2017).
[9] Fed. R. Civ. P. 60(c)(1).
[10] *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 n. 5 (3d Cir. 1987); *see In re Bressman*, 874 F.3d at 149 (noting that motions based on fraud or misconduct are subject to a one-year cap or period of limitations).

## III.

Alternatively, McLaughlin argues that he is entitled to relief because the judgment lien is satisfied. Where the judgment at issue "has been satisfied, released, or discharged," the federal rules call for relief.[11] Unlike Rule 60(b)(3), Rule 60(b)(5) is not subject to a one-year limitations period. However, a motion filed under Rule 60(b)(5) must nevertheless be filed in a reasonably timely manner.[12]

As noted above, McLaughlin did not pursue relief until 11 months after we affirmed the judgment lien and 23 months after the actual entry of the lien. Because we agree the motion was not filed in a reasonably timely manner, we conclude that the District Court did not abuse its discretion in refusing to consider relief under Rule 60(b)(5) or to permit discovery.

## IV.

Accordingly, we will affirm the District Court's well-reasoned order denying relief under Rule 60 and preventing discovery substantially for the reasons explained by the District Court in its December 20, 2017 opinion.

---

[11] Fed. R. Civ. P. 60(b)(5).
[12] *See* Fed. R. Civ. P. 60(c)(1).